UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| INNOVATIVE SPORTS MANAGEMENT, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:16 CV 609 RWS |
| VIVA, INC., et al., | ) ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This case is before me on plaintiff's motion for default judgment in the amount of $110,000.00. Plaintiff owned the nationwide television distribution rights to broadcast a boxing match which took place on April 11, 2015. Plaintiff sells the right to publically exhibit this broadcast to various public establishments, such as restaurants and bars. In this lawsuit, plaintiff alleges that defendants illegally intercepted the broadcast and showed it to their patrons at Club Viva. Plaintiff has sued defendants under two alternative federal statutes and Missouri law.

Plaintiff's first count alleges a violation of 47 U.S.C. § 605, which prohibits the unauthorized publication or use of communications. In the context of the present lawsuit, this statue prohibits the unauthorized interception of video programming from a satellite that is primarily intended for direct receipt only by

authorized users. It provides for statutory damages of not less than $1,000 but not more than $10,000. *Id.* at § 605(e)(3)(C)(i)(II). Where the violation was committed willfully and for the purpose of commercial gain the statutory damages may be increased in an amount of not more than $100,000. *Id.* at § 605(e)(3)(C)(ii). Attorney's fees and costs may also be recovered under this statute. *Id.* at § 605(e)(3)(B)(iii).

Plaintiff's second count alleges a violation of 47 U.S.C. § 553, which prohibits the unauthorized reception of cable services. It provides for statutory damages of not less than $250 but not more than $10,000. *Id.* at § 553(c)(3)(A)(ii). Where the violation was committed willfully and for the purpose of commercial gain the statutory damages may be increased in an amount of not more than $50,000. *Id.* at § 553(c)(3)(B). Attorney's fees and costs may also be recovered under this statute. *Id.* at § 553(c)(2)(C).

The defendants in this matter have been served. On June 17, 2016, the Clerk of the Court entered a default against the defendants because they failed to file an answer or other responsive pleading. Plaintiff's affidavit supporting entry of default prays for the maximum amount of statutory damages under 47 U.S.C. § 605, for a total of $110,000.00. Plaintiff does not seek to recover damages for the tort of conversion as alleged in Count III of the complaint or under the alternative federal statute (47 U.S.C. § 553), as plaintiff cannot recover damages under both

statutes.

I will grant plaintiff a default judgment under §605 and exercise my discretion to award statutory damages in the amount of $10,000.00 under §605(e)(3)(C)(i)(II) and $5,000.00 in enhanced statutory damages under §605(e)(3)(B)(ii). In federal court post-judgment interest accrues at the rate set by federal law.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [11] is granted in part only to the extent set out above and is denied in all other respects.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of June, 2016.